# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BENJAMIN L. TENNEY,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-192**   (WorkForce W. Va. Bd. of Rev. Case No. R-2025-0115)

**NORTHWEST HARDWOODS, INC.,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official**
**capacity as Acting Commissioner**
**of WorkForce West Virginia,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Benjamin L. Tenney appeals the April 8, 2025, order of the WorkForce West Virginia Board of Review ("Board") which affirmed the decision of the administrative law judge ("ALJ") and disqualified Mr. Tenney from unemployment compensation benefits following his discharge from employment. Respondent Northwest Hardwoods, Inc. ("Northwest Hardwoods") filed a response.[1] Mr. Tenney filed a reply. Respondent Scott A. Adkins, in his official capacity as the Acting Commissioner of WorkForce West Virginia ("WorkForce"), did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Tenney was employed by Northwest Hardwoods as a semi-truck driver from April 5, 2024, until his discharge on November 26, 2024. After his termination, Mr. Tenney filed for unemployment compensation benefits. On January 21, 2025, a claims deputy from WorkForce found Mr. Tenney failed to comply with company policy after receiving a prior written warning and that he was disqualified from unemployment benefits because he was

---

[1] Mr. Tenney is self-represented. Northwest Hardwoods is represented by Laura C. Bunting, Esq.

terminated for gross misconduct. Mr. Tenney timely appealed the deputy's decision to the ALJ.

On February 12, 2025, the ALJ held a telephonic hearing where Mr. Tenney, Patricia Perry, who is Northwest Hardwoods' human resources business partner for the Appalachian region, and Mike Knabenshue, who is Northwest Hardwoods' transportation and equipment manager, appeared and testified. Ms. Perry and Mr. Knabenshue testified that Mr. Tenney was terminated for repeated violations of the company's safety policy. According to their testimony, on August 26, 2024, Mr. Tenney received a written warning stating the company received complaints from a member of the public stating Mr. Tenney was driving unsafely. This warning stated that "[a]ny further complaints will result in further corrective action up to and including termination." Both Mr. Tenney and Mr. Knabenshue signed this warning. Ms. Perry testified that this warning related to Mr. Tenney running a red light.

Mr. Knabenshue testified that on October 1, 2024, the company received another complaint from the general public stating Mr. Tenney's truck was driving dangerously and was all over the road. Mr. Tenney was suspended while the incident was investigated. Mr. Knabenshue determined that a tire blew out on Mr. Tenney's truck, and he then swerved to miss another vehicle. Mr. Knabenshue found Mr. Tenney's actions were justified, but gave Mr. Tenney a written warning because he did not immediately stop. Instead, he drove another twelve miles on the damaged tire. This written warning was issued on October 21, 2024, and was signed by both Mr. Knabenshue and Mr. Tenney.

On November 19, 2024, Northwest Hardwoods received another complaint from the general public that alleged Mr. Tenney ran a red light. The truck's dashboard camera captured a video of the incident. Mr. Knabenshue reviewed the video footage, found that it showed Mr. Tenney running the red light as alleged, and determined that Mr. Tenney should be terminated for his repeated violations of the company's safety policy. At the ALJ hearing, Mr. Tenney argued that he was experiencing a brake failure, and he submitted into evidence videos that he claimed show smoking brakes and an inspection report that documented the brake failure. Mr. Knabenshue testified that he never received this inspection report, that Mr. Tenney had a history of not submitting paperwork timely, and that company mechanics had reviewed the brakes on the truck but did not find any problems. Mr. Tenney disputed running the red light and stated the light was yellow when he crossed the intersection. On November 25, 2024, Ms. Perry sent a letter to Mr. Tenney terminating his employment due to his repeated violations of the company's safety protocols.

On February 21, 2025, the ALJ issued a written decision affirming the deputy's decision and found that Northwest Hardwoods discharged Mr. Tenney for gross misconduct. The ALJ found Mr. Tenney's testimony inconsistent and that it lacked credibility, and Northwest Hardwoods met its burden by proving that it discharged Mr.

Tenney after it had issued him a prior written warning. Mr. Tenney appealed this decision to the Board. On April 8, 2025, the Board issued a decision which adopted the findings of the ALJ and affirmed the ALJ's determination that Northwest Hardwoods discharged Mr. Tenney for gross misconduct and that Mr. Tenney was disqualified from unemployment benefits. It is from this order that Mr. Tenney now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Mr. Tenney asserts four assignments of error. In his first and second assignments of error, Mr. Tenney argues the Board erred in finding gross misconduct because the evidence was insufficient to support this finding. In his third and fourth assignments of error, Mr. Tenney argues the ALJ misconstrued the evidence and did not review the dash camera video footage which shows the light was yellow when he crossed the intersection.[2] We disagree and will consolidate the consideration of these assignments of error for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). In Syllabus Point 4 of *Dailey v. Bd. of Rev., W. Va. Bureau of Emp. Programs*, 214 W. Va. 419, 589 S.E.2d 797 (2003), the Supreme Court of Appeals of West Virginia ("SCAWV") defined gross misconduct as follows:

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A–6–3, an act of misconduct shall be considered gross misconduct where the underlying misconduct consists of (1) willful destruction of the employer's property; (2) assault upon the employer or another employee in certain circumstances; (3) certain instances of use of alcohol or controlled substances as delineated in West Virginia Code § 21A–6–3; (4) arson, theft, larceny, fraud, or

---

[2] Mr. Tenney also argues the ALJ engaged in judicial misconduct. However, we decline to rule on this assignment of error because this Court lacks jurisdiction to hear allegations regarding alleged judicial misconduct. *See, e.g.*, *David M. v. W. Virginia Dep't of Hum. Servs. Bureau for Child Support Enf't*, No. 24-ICA-217, 2024 WL 5003597, at *3 (W. Va. Ct. App. Dec. 6, 2024).

embezzlement in connection with employment; or (5) any other gross misconduct which shall include but not be limited to instances where the employee has received prior written notice that his continued acts of misconduct may result in termination of employment.

In this case, Northwest Hardwoods issued Mr. Tenney a prior written warning on August 26, 2024, for running a red light, and this warning stated that "[a]ny further complaints will result in further corrective action up to and including termination." On November 19, 2024, Northwest Hardwoods received another complaint stating Mr. Tenney ran another red light. At the ALJ's hearing, Northwest Hardwoods presented both testimony and dash camera video footage to support its statements.

Mr. Tenney argues that he was unable to stop the truck due to a brake failure and that the video shows the light was yellow when he went through the intersection.[3] However, the ALJ's decision found the video evidence showed Mr. Tenney run the red light and that he made no attempt to slow down in his approach. These findings are factual determinations that are entitled to substantial deference, and Mr. Tenney has failed to show that these findings are clearly wrong. *See Adkins,* 192 W. Va. at 561, 453 S.E.2d at 395, syl. pt. 3. In addition, the ALJ explicitly found Mr. Tenney's statements lacked credibility. The SCAWV has consistently held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Alcan Rolled Prods. Ravenswood, LLC v. McCarthy*, 234 W. Va. 312, 319-20, 765 S.E.2d 201, 208-09 (2014) (quoting *Patton v. Gatson,* 207 W. Va. 168, 173-74, 530 S.E.2d 167, 172-73 (1999) (Davis, J., concurring)) "Further, the ALJ's credibility determinations are binding unless patently without basis in the record." *Id.* Upon our review of the record, we conclude that the ALJ's findings of fact and conclusions of law, as upheld by the Board, were supported by the evidence, and Mr. Tenney has failed to show that these findings were clearly wrong.

Accordingly, we affirm the Board's April 8, 2025, order.

Affirmed.

---

[3] Mr. Tenney further argues the ALJ did not consider the angry voicemail Mr. Knabenshue left him after this incident and that this evidence was relevant to this case. We disagree. It is unclear from the record if this evidence was reviewed by the ALJ, but it does not show the ALJ's findings are clearly wrong and does not relate to the determination of whether Mr. Tenney ran the red light on November 19, 2024.

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White